### DAVID GREEN *v.* WARDEN, STATE PRISON (6418)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued October 4—decision released November 8, 1988

*Martin Zeldis,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (petitioner).

*Judith Rossi,* deputy assistant state's attorney, for the appellee (respondent).

PER CURIAM. The petitioner appeals from the trial court's denial of his petition for a writ of habeas corpus. The dispositive issue on appeal is whether the trial court erred in finding that the state's attorney did not breach the plea agreement. We find error.

The facts are not in dispute. On July 2, 1985, the petitioner withdrew his prior pleas and elections and entered pleas of guilty to a charge of being an accessory to larceny in the first degree in violation of General Statutes §§ 53a-8 and 53a-122 (a) (2), and to a charge of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2). During the canvassing of the plea, the state's attorney represented that as a condition of the plea, he would not recommend a specific sentence.[1] Contrary to this agreement, however, at the petitioner's sentencing the state's attorney

---

[1] The following exchange took place between the court and the assistant state's attorney:

"The Court: Is there a plea agreement in this case?

"Mr. McMahon: *There's an agreement, Your Honor, that there will be no agreement other than the state will not make any specific recommendation of years.* It will be free to argue, but the state will not state any specific time at the time of sentencing.

"The Court: All right. In other words at the time of sentencing the state will not make any recommendations as to the time that the gentlemen should serve; is that correct?

"Mr. McMahon: To the number of years. We'll be free to argue the merits, freely argue the merits and facts of the case, the prior criminal record, any mitigating factors relative to these defendants, but we'll not state specifically so many years, etc." (Emphasis added.)

adopted the probation officer's recommendation, made in the presentence report, that the maximum sentence be imposed.[2]

The petitioner was sentenced to a term of twenty-five years; twenty years on the charge of robbery in the first degree and a five year term on the charge of being an accessory to larceny in the first degree, the two terms to run consecutively. The plaintiff did not take a direct appeal from his convictions, but instead filed a habeas corpus petition claiming that the prosecutor's comments regarding the presentence report violated the plea agreement.[3] The court denied the petition, ruling that there had been no breach of the plea agreement.

When a defendant's guilty plea is "induced by promises arising out of a plea bargaining agreement, fairness requires that such promises be fulfilled by the state." *State* v. *Littlejohn,* 199 Conn. 631, 644, 508 A.2d 1376 (1986), citing *Santobello* v. *New York,* 404 U.S. 257, 261, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971). In this case, the petitioner's guilty plea was conditioned on the prosecutor's promise that he would not recommend a particular sentence, and that promise was not fulfilled. The concurrence of the state's attorney with another person's recommendation that the maximum sentence

---

[2] At the sentencing, the state's attorney made the following comments:

"I would note that the victims have all recommended to the court that the maximum sentence be given, and the presentence by Miss Cronin indicates that—she describes him as a rather devious, hardened criminal who is dangerous in the community and should be incarcerated for the maximum penalty by the law.

"Miss Cronin is a very experienced, very capable and very competent probation officer, and I have not had many dealings with her, but I don't think she ordinarily makes such a recommendation. That's her reaction to this defendant, *which is much the same reaction as myself to this defendant and how his sentencing should be conducted."* (Emphasis added.)

[3] The court found that the defendant was not specifically advised of his appellate rights and therefore determined, and the state does not contest, that there has been no deliberate appellate bypass.

be imposed was tantamount to the state's attorney, himself, recommending a specific term. "What the state's attorney cannot do directly, he must not do indirectly in abridgement of the accused's fundamental right to a fair trial." *State* v. *DeMartino,* 7 Conn. App. 292, 295, 508 A.2d 809 (1986). The state concedes, and we agree, that in making these remarks, the state's attorney breached his promise not to recommend a specific term of years at sentencing.

Under the circumstances presented here we conclude that the habeas corpus petition should have been granted. The petitioner is entitled to resentencing before a different judge in accordance with the terms of the plea agreement.

There is error, the judgment denying the plaintiff's petition is vacated and the case is remanded for proceedings consistent with this opinion.