[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action petitioning the Court to issue a writ of habeas corpus to correct an alleged miscalculation of sentence.
FACTS
On July 11, 1984, the petitioner was arrested for and charged with Robbery First Degree, Conn. Gen. Stat. Sec.53a-134 (a)(2) and Larceny First Degree, Conn. Gen. Stat. Sec.53a-122 (a)(2), and he was held in custody in lieu of bond. On July 2, 1985, he pled guilty to these charges, and, on August 12, 1985, he received a sentence of twenty-five (25) years to serve.
On November 8, 1988, the Appellate Court reversed a trial court dismissal of this petitioner's petition for a writ of habeas corpus alleging the failure of the prosecuting authority to abide by a negotiated plea agreement, and the case was remanded for resentencing, Green v. Warden, 17 Conn. App. 50
(1988). On February 9, 1989, the petitioner was resentenced to twenty-five (25) years to serve.
On January 9, 1991, this court, Scheinblum, J., granted a second petition for a writ of habeas corpus alleging ineffectiveness of counsel with respect to the petitioner's original pleas of guilty on July 2, 1985. On August 9, 1991, the petitioner entered new guilty pleas to the same changes and received a total effective sentence of nineteen (19) years to serve.
The petitioner has filed a third petition for a writ of habeas corpus alleging the improper computation of good conduct reduction of his sentence. The Commissioner of Corrections is calculating the petitioner's good conduct reduction for the jail time he served after the original sentencing date of August 12, 1985, at the rates set forth in Conn. Gen. Stat. Sec. 18-7a(b).
The issue before the court is whether the petitioner is entitled to the presentence good conduct reduction provided in Conn. Gen. Stat. Sec. 18-98d(b) for time he served on sentences which were subsequently vacated; or the post sentence good conduct reduction provided in Section 18-7a(b) for those periods; or both.
The petitioner claims he is entitled to good conduct reductions under both the presentence and post-sentence statutes covering the identical time period. His argument runs that under the cases of Sutton v. Lopes, 202 Conn. 343
(1987), and Casey v. Commissioner, 215 Conn. 695 (1990), the CT Page 4118 petitioner is entitled to have the time he served, under the sentences which were later vacated, treated as presentence jail time, thus, invoking the good conduct provisions of Section 18-98d(b). But, at the same time, the case of Wright v. Commissioner, 216 Conn. 220 (1990), dictates that he must also be credited with the good conduct reduction provision of Section 18-7a(b) because he earned this reduction as a sentenced prisoner, even though these sentences were later vacated. Therefore, under the three cases cited, he is entitled to double credit for good conduct under both statutes combined.
The Court finds this argument specious. In the Wright case our Supreme Court stated that it would violate the double jeopardy clause of the U.S. Constitution if the respondent refused to give the prisoner in that case any credit for reductions which he had earned during later vacated sentences. That Court did not hold that the prisoner was entitled to both presentence and post sentence good conduct reductions for the same behavior.
In the instant case, the respondent is affording the petitioner all the good conduct reduction he has earned under the presentence provisions of Section 18-98d(b) using the Casey and Sutton rule plus the "extra" good conduct time he earned for serving more than five (5) years under Section18-7a(b) as a sentenced prisoner as required by the Wright case.
To adopt the petitioner's position would produce the absurd result that a prisoner's good conduct reduction doubles upon re-sentencing. Following this argument to its logical extreme, this petitioner would be entitled to triple or possibly quadruple, good conduct credit for some portion of his sentences because his sentences were vacated twice. Under the petitioner's reading of the Wright case he was entitled to reductions under Section 18-98d(b) and 18-7a(b) upon the first vacation of the sentences, and an additional credit for this combined amount upon the second vacation of the sentence.
For the above reasons, the petition is denied.
BY THE COURT, HON. SAMUEL SFERRAZZA, J. SUPERIOR COURT JUDGE
The Next Case Begins on Page 4120 CT Page 4120