STATE OF CONNECTICUT *v.* RONALD THORP
(AC 18539)

Foti, Hennessy and Mihalakos, Js.

Argued December 1, 1999—officially released March 28, 2000

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*Marjorie Allen Dauster*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Michael Pepper* and *Elpedio Vitale*, senior assistant state's attorneys, for the appellee (state).

HENNESSY, J. The defendant, Ronald Thorp, appeals from the trial court's judgment granting the motion by the office of adult probation to modify the conditions of the defendant's probation. On appeal, the defendant claims that the court improperly (1) enlarged the conditions of his probation prior to the commencement of the probationary term in violation of General Statutes § 53a-30 (c) and (2) imposed additional, more restrictive conditions on his probation without first permitting him to withdraw his guilty plea. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The defendant pleaded guilty to sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1). Pursuant to the plea agreement, he was sentenced to ten years imprisonment, execution suspended after three years, followed by five years probation. The court ordered, as a condition of probation to which the defendant had agreed, that he have no contact with the victim. The court also imposed as a special condition of probation, to which the defendant had not agreed or objected previously, that he undergo and cooperate with substance abuse evaluation and treatment as recommended by the office of adult probation. As the defendant neared completion of his prison sentence, the office of adult probation filed a motion to modify the conditions of his probation to include sex offender evaluation and treatment.[1] The motion was granted and this appeal followed.

I

The defendant claims first that the court improperly imposed additional conditions of probation prior to the

---

[1] The defendant concedes, contrary to his claim in the trial court, that the evaluation of him, done by the department of correction, provided the court with "good cause" to add further conditions to his probation.

commencement of the period of probation. The defendant claims that the court was not authorized under § 53a-30 (b) or (c)[2] to modify or enlarge the conditions

[3] General Statutes (Rev. to 1995) § 53a-30 provides in relevant part: "(a) When imposing sentence of probation or conditional discharge, the court may, as a condition of the sentence, order that the defendant: (1) Work faithfully at a suitable employment or faithfully pursue a course of study or of vocational training that will equip him for suitable employment; (2) undergo medical or psychiatric treatment and remain in a specified institution, when required for that purpose; (3) support his dependents and meet other family obligations; (4) make restitution of the fruits of his offense or make restitution, in an amount he can afford to pay or provide in a suitable manner, for the loss or damage caused thereby and the court may fix the amount thereof and the manner of performance; (5) if a minor, (A) reside with his parents or in a suitable foster home, (B) attend school, and (C) contribute to his own support in any home or foster home; (6) post a bond or other security for the performance of any or all conditions imposed; (7) refrain from violating any criminal law of the United States, this state or any other state; (8) if convicted of a misdemeanor or a felony, other than a capital felony, a class A felony or a violation of section 21a-278, 21a-278a, 53a-55, 53a-56, 53a-56b, 53a-57, 53a-58 or 53a-70b or any offense for which there is a mandatory minimum sentence which may not be suspended or reduced by the court, and any sentence of imprisonment is suspended, participate in an alternate incarceration program; (9) reside in a residential community center or halfway house approved by the commissioner of correction, and contribute to the cost incident to such residence; (10) participate in a program of community service labor in accordance with section 53a-39c; (11) if convicted of a violation of section 53a-70, 53a-70a, 53a-70b, 53a-71, 53a-72a or 53a-72b and (A) the conviction is of a second or subsequent violation of any of said sections or (B) at the time of the offense, the defendant was eighteen years of age or older and the victim was under thirteen years of age, undergo specialized sexual offender treatment; (12) satisfy any other conditions reasonably related to his rehabilitation. The court shall cause a copy of any such order to be delivered to the defendant and to the probation officer, if any.

"(b) When a defendant has been sentenced to a period of probation, the Office of Adult Probation may require that the defendant comply with any or all conditions which the court could have imposed under subsection (a) which are not inconsistent with any condition actually imposed by the court.

"(c) At any time during the period of probation or conditional discharge, after hearing and for good cause shown, the court may modify or enlarge the conditions, whether originally imposed by the court under this section or otherwise, and may extend the period, provided the original period with any extensions shall not exceed the periods authorized by section 53a-29. The court shall cause a copy of any such order to be delivered to the defendant and to the probation officer, if any. . . ."

of probation except during the period of probation. In addition, the defendant claims that the office of adult probation is not authorized by § 53a-30 (b) to modify the conditions of probation before the period of probation commences. We disagree.

"Probation is the product of statute. See General Statutes § 53a-28 et seq. Statutes authorizing probation, while setting parameters for doing so, have been very often construed to give the court broad discretion in imposing conditions." *State* v. *Smith*, 207 Conn. 152, 167, 540 A.2d 679 (1988). "On appeal, the standard of review of an order of probation is whether the trial court abused its discretion. If it appears that the trial court reasonably was satisfied that the terms of probation had a beneficial purpose consistent with the defendant's reformation and rehabilitation, then the order must stand. . . . In reviewing the issue of discretion, we do so according it every reasonable presumption in favor of the trial court's ruling. *State* v. *Amarillo*, 198 Conn. 285, 313–14, 503 A.2d 146 (1986). [Finally, a] defendant who seeks to reverse the exercise of judicial discretion assumes a heavy burden. . . . *State* v. *Smith*, supra, [167]. . . . *State* v. *Pieger*, [240 Conn. 639, 648, 692 A.2d 1273 (1997)]." (Internal quotation marks omitted.) *State* v. *Misiorski*, 250 Conn. 280, 288–89, 738 A.2d 595 (1999).

Section 53a-30 (b) expressly allows the office of adult probation to impose reasonable conditions on probation. *State* v. *Roberson*, 165 Conn. 73, 76 n.1, 327 A.2d 556 (1973); *State* v. *Cooley*, 3 Conn. App. 410, 411 n.2, 488 A.2d 1283, cert. denied, 196 Conn. 805, 492 A.2d 1241 (1985). "[I]n determining whether a condition of probation [is proper] a reviewing court should evaluate the condition imposed under our Adult Probation Act in the following context: The conditions must be reasonably related to the purposes of the [Probation] Act. Consideration of three factors is required to determine

whether a reasonable relationship exists: (1) the purposes sought to be served by probation; (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be accorded to probationers; and (3) the legitimate needs of law enforcement." (Internal quotation marks omitted.) *State* v. *Smith*, supra, 207 Conn. 170.

Here, the office of adult probation required that the defendant comply with additional conditions of probation involving sex offender treatment. That office "may require that the defendant comply with any or all conditions which the court could have imposed under [§ 53a-30] (a) which are not inconsistent with any condition actually imposed by the court." General Statutes § 53a-30 (b). Sexual offender treatment is clearly enumerated in General Statutes (Rev. to 1995) § 53a-30 (a) (11), now subdivision (12), and could have been imposed by the sentencing court.[3] Moreover, the additional conditions of probation are not inconsistent with the conditions imposed by the sentencing court. Namely, in addition to the usual terms of probation, the defendant also must have no contact with the victim, and the defendant must undergo substance abuse evaluation and treatment as recommended by the office of adult probation.

The office of adult probation requested the sex offender treatment as a condition of probation because the department of correction had evaluated the defendant and determined that he was a high risk to the community and had a great potential to offend again.

[3] Although neither party addressed this issue, we note that § 53a-30 (a) was amended between the time of the offense and the time the condition of probation was imposed, eliminating certain conditions precedent to the imposition of treatment for sexual offenders. See Public Acts 1995, No. 95-142, § 3; see also General Statutes (Rev. to 1995) § 53a-30 (a) (11) (A) and (B). Because, however, the defendant had been previously convicted of sexual assault in the first degree, the trial court had the authority to impose sexual offender evaluation and treatment even under the prior revision of the statute.

At the hearing on the motion by the office of adult probation to modify the original probation conditions, the court cited § 53a-30 (b) and acknowledged that the probation office may require the defendant to comply with sex offender treatment, as it was not inconsistent with the other conditions imposed by the sentencing court and because there was good cause shown to add the condition. In addition, the court stated that under § 53a-30 (c), at any time during the probation period, after a hearing and for good cause, the court may modify and enlarge the conditions.

The defendant argues that the court had no authority to act as it did because it was not acting "during the period of probation or conditional discharge" as required by § 53a-30 (c). The defendant relies on *State* v. *Deptula*, 34 Conn. App. 1, 9, 639 A.2d 1049 (1994), for the proposition that similar wording in General Statutes § 53a-32 (a) was strictly construed so as to apply solely to the time period after the commencement of probation. Section 53a-32 (a) provides in relevant part that "[a]t any time during the period of probation . . . the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation . . . ." In that case, the defendant had committed a crime while in the custody of the department of correction prior to the commencement of probation. Despite the fact that a warrant for the defendant's arrest for the crime was issued during the period of probation, the court held that the phrase "during the period of probation" governed both when the warrant may be issued and when the conduct that could violate probation must occur. *State* v. *Deptula*, supra, 9.

We need not decide whether the trial court can modify the conditions of probation pursuant to § 53a-30 (c) only after the probationary period has commenced because the court approved of the added condition under both subsections (b) and (c). The court clearly

stated that the office of adult probation had the authority to impose the additional condition of sex offender treatment. Although that office was not required by § 53a-30 (b) to request a hearing and court approval of the additional condition, it did so in this case. The defendant, therefore, was not prejudiced; his constitutional right to due process of law was protected, and he actually received more judicial process than that to which he was entitled. The defendant does not argue that there was no good cause to impose the requested condition. The defendant contends, however, that the court had no statutory authority to add a condition to his probation before his probation period began. The court reviewed the condition, found that it was warranted, complied with § 53a-30 (b) and approved the condition as requested. Because the office of adult probation had the authority pursuant to § 53a-30 (b) to add the condition of probation, the court's unnecessary approval, as it affected the defendant, was a harmless procedure. As a result, the modification of the defendant's probation was proper.

The defendant also claims that the office of adult probation cannot add conditions under § 53a-30 (b) because that office cannot have more authority than a court, which has to wait until the probationary period begins before it may add conditions to a defendant's probation. We are unpersuaded. "Generally, no part of a legislative enactment is to be treated as insignificant and unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase . . . . Insofar as it is possible, the entire enactment is to be harmonized, each part made operative." (Citation omitted; internal quotation marks omitted.) *State* v. *Grant*, 176 Conn. 17, 20, 404 A.2d 873 (1978). In *State* v. *Mobley*, 33 Conn. App. 103, 633 A.2d 726 (1993), cert. denied, 228 Conn. 917, 636 A.2d 849 (1994), this court affirmed and adopted the trial court's judgment that § 53a-30 (b)

and (c) are not in conflict and that the requirements of subsection (c) need not be impressed on subsection (b). The defendant has not given us a reason nor has he cited any authority for this court to modify or overrule *Mobley*. Accordingly, we conclude that the trial court's decision to approve the additional probation conditions requested by the office of adult probation was not improper.

## II

The defendant claims finally that the court improperly imposed additional conditions on his probation without giving him the opportunity to withdraw his guilty plea. The defendant argues that his guilty plea resulted from a plea agreement with the state and that the additional conditions of probation subsequently imposed exceeded the conditions to which he had agreed, thus violating the defendant's state and federal due process rights.[4] We disagree.

The defendant acknowledges that he failed to raise a claim with the trial court that the modification of the conditions of probation affected the validity of his guilty plea. The defendant, however, invokes review under *State* v. *Golding*, 213 Conn. App. 233, 239–40, 567 A.2d 823 (1989).[5] We conclude that the defendant's claim

---

[4] The defendant's constitutional claims are not referred to in his preliminary statement of issues and although he makes mention of these claims in his brief, he fails to undertake a separate analysis indicating the manner in which the rights afforded him under the federal and state constitutions have been violated. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Citation omitted; internal quotation marks omitted.) *Raymond* v. *Rock Acquisition Ltd. Partnership*, 50 Conn. App. 411, 420, 717 A.2d 824 (1998).

[5] The defendant can prevail only if he meets all the criteria of the four-prong test of *State* v. *Golding*, supra, 213 Conn. 239–40: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed

fails the second prong of review under *Golding* because the defendant has failed to establish a violation of a constitutional right. We agree with the defendant and the holding in *Green* v. *Warden*, 17 Conn. App. 50, 52, 549 A.2d 679 (1988), that when a guilty plea is induced by promises arising out of a plea agreement, fairness requires that such promises be fulfilled by the state. We do not find that to be the case here, however.

In this case, the defendant bargained for a sentence that included a term of probation. The defendant could have rejected the offer of probation, but he could not accept some conditions and reject others. If he accepts the offer of probation, he must accept all of the conditions. *State* v. *Smith*, supra, 207 Conn. 169. In accepting probation, the defendant accepted at the time of sentencing the possibility that the terms of his probation could be modified or enlarged in the future in accordance with the statutes governing probation. Under these circumstances, the modified conditions of probation did not go beyond the terms of the plea bargain agreed to by the defendant. The modification of the terms of probation, therefore, was not a violation of his constitutional rights.

The judgment is affirmed.

In this opinion the other judges concurred.

---

to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt."

