[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On January 14, 1993, the petitioner was sentenced on one count of escape in the first degree in violation of General Statutes § 53a-169
to a term of ten (10) years to run consecutive to all other sentences he was serving at that time. A pro se petition for writ of habeas corpus was filed January 19, 1996, said petition being amended on June 15, 2001. The petitioner, who currently is in the custody of the Commissioner of Correction, alleges in his Amended Petition that his conviction is illegal because his guilty plea was not knowingly, intelligently and/or voluntarily entered into in that 1) counsel gave false assurances regarding the maximum sentence the petitioner would receive, and 2) there was prosecutorial misconduct when the state, which had not recommended a sentence at the time the plea was entered, nevertheless requested at sentencing that the maximum sentence be imposed. Am. Pet., at 2 and 4-5. The respondent has raised the special defense that the petitioner's second claim is procedurally defaulted under Johnson v. Commissioner ofCorrection, 218 Conn. 403, 589 A.2d 1214 (1991), and Jackson v.Commissioner of Correction, 227 Conn. 124, 629 A.2d 413 (1993). A trial on the merits was heard before this Court on November 14, 2001, during which the petitioner and his former counsel, Attorney Larry Bates, testified.
"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of the conviction has two components. First, the petitioner must show that counsel's performance was deficient. Second, the petitioner must show that the deficient performance prejudiced the defense. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." Henry v.Commissioner of Correction, 60 Conn. App. 313, 316-7, 759 A.2d 118 (2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864
CT Page 3046 (1984)). "Even if a petitioner shows that counsel's performance was deficient, the second prong, or prejudice prong, requires that the petitioner show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Internal citations and quotations omitted.) Henry v. Commissioner of Correction, supra, 60 Conn. App. 317-8.See also Commissioner of Correction v. Rodriguez, 222 Conn. 469, 477,610 A.2d 631 (1992).
"Although Strickland applies generally to the evaluation of whether ineffective assistance of counsel during criminal proceedings has infringed on a petitioner's constitutional rights, the United States Supreme Court has articulated a modified prejudice standard for cases in which the conviction has resulted from a guilty plea. See Hill v.Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Hill
requires the petitioner to demonstrate that he would not have pleaded guilty, that he would have insisted on going to trial, and that the evidence that had been undiscovered or the defenses he claims should have been introduced were likely to have been successful at trial."Copas v. Commissioner, 234 Conn. 139, 151, 662 A.2d 718 (1995).
"In Hill v. Lockhart, the court determined that the same two-part standard applies to claims arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement inStrickland were relevant in the context of guilty pleas. Although the first half of the Strickland test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, the court modified the prejudice standard. As in Strickland, the prejudice standard for plea negotiations is intended to determine whether, but for counsel's constitutionally deficient performance, the outcome of the plea process would have been different. The court went on to require that in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) Id., at 156.
"A reviewing court can find against the petitioner on whichever [Strickland prong] is easier. Valeriano v. Bronson, 209 Conn. 75, 85-6,546 A.2d 1380 (1988); Nardini v. Manson, 207 Conn. 118, 124, 540 A.2d 69
(1988); Magnotti v. Meachum, 22 Conn. App. 669, 674, 579 A.2d 553
(1990); Beasley v. Commissioner of Correction, [47 Conn. App. 253, 264,704 A.2d 807 (1997), cert. denied, 243 Conn. 967, 707 A.2d 1268 (1998)]."Petaway v. Commissioner of Correction, 49 Conn. App. 75, 76 n. 2,712 A.2d 992 (1998). CT Page 3047
The petitioner alleges in his first count that trial counsel was ineffective for giving false assurances regarding the maximum sentence the petitioner would receive. The only evidence in support of this claim is the petitioner's testimony that he was advised by counsel that the maximum exposure he faced on the one count of escape in the first degree was ten years, but because he was pleading guilty, he was "looking at less than the ten years." Tr. (11/14/2001), at 44-5. In the petitioner's words, "why go to trial and get the ten years . . . [when] I can plead out guilty now and get less than the ten years." Id., at 45. The petitioner's characterization, however, is myopic.
The record shows that the petitioner was initially charged with conspiracy to escape in addition to the one count of escape in the first degree, and that he could have been charged in a Part B information with being a persistent felony offender. Pet'r Ex. A (Tr. 11/18/1992), at 5. The petitioner's maximum potential exposure under these two offenses as amplified by the persistent felony offender count was forty (40) years consecutive to all sentences he was serving. Tr. (11/14/2001), at 7. Attorney Bates testified that he spoke with the state's attorney during several plea conferences and that these discussions ultimately resulted in an agreement between the parties. Id. Attorney Bates also testified that he conveyed the offer to his client; Id., at 9; and that Mr. Vandever "made a calculated decision that it was better to shoot for ten years or less than it was to go to trial." Id., at 12. This Court finds the testimony by Attorney Bates to be credible.
This agreement resulted in the petitioner pleading guilty to one count of escape in the first degree, but the terms of the agreement did not encompass the sentence. As the state's attorney clearly indicated during the change of plea, "with respect to any sentencing agreement, the statehas entered into no agreement with the defendant with respect to thesentence to be imposed in this case." (Emphasis added.) Pet'r Ex. A (Tr. 11/18/1992), at 4. The trial court thoroughly canvassed the petitioner about the change of plea, inquiring whether any threat or promise had been made to make the petitioner plead guilty, to which the petitioner responded in the negative. Id., at 6-7. Lastly, the trial court asked the petitioner the following question: "And you understand in this case that there is no recommendation, so you are facing upon a guilty plea the maximum penalty. Your lawyer has the right to argue for some lesser penalty, but there are no guarantees; you understand that?" Id., at 7. The petitioner answered "Yes, sir." Id.
The pre-sentence investigation report prepared for the petitioner's sentencing indicates that the petitioner, whose attorney was in attendance during the interview with the probation officer, informed the probation officer that "he had pled guilty to the instant offense to avoid CT Page 3048 a trial. . . ." Resp't. Ex 1, at 2. The report also indicates that the "offender expects to get the maximum sentence, however, he believes he should get something less because other inmates who have escaped have gotten less. [The petitioner] added, `obviously I am looking for a break'." Id.
Immediately following trial counsel's argument at the sentencing that less than the maximum sentence should be imposed, the petitioner availed himself of the opportunity to address the sentencing court. The petitioner did not, however, address the contents of the presentence investigation report or express any disagreement therewith. Pet'r. Ex. B (Tr. 1/14/1993), at 11. Lastly, the transcript of the sentencing indicates that the trial court reiterated that at the change of plea there was no recommendation as to the sentence, that the state "was going to argue for anything up to the maximum, and [the petitioner was] going to argue for something less." Id., at 2. The state's attorney again stated that at "the time the plea was entered, there was no agreement,and there is no agreement between the state and defense as to thesentence to be imposed here." (Emphasis added.) Id., at 2-3.
Based upon the foregoing, this Court finds the petitioner's testimony at the habeas trial to be clearly self-serving, unsubstantiated and not credible. The petitioner merely implies that his trial counsel induced him into pleading guilty by giving false assurances that less than ten years would be imposed. The petitioner's testimony that he expected some additional benefit by pleading guilty to one count of escape in the first degree, instead of going to trial and getting ten years, is based on the incorrect assumption that the state would have only prosecuted him on that one charge. The evidence in this case indicates that the state also charged the petition with conspiracy to escape and would have pursued a persistent felony offender count. The state dropped the conspiracy and persistent felony offender counts to avoid trial. The petitioner's claim that he expected to get less than the maximum sentence, especially in light of the fact that there was no agreement as to the sentence, is wholly without merit. The petitioner has failed to show both how counsel's performance was deficient and that there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial on all possible counts.
The second count of the amended petition alleges that there was prosecutorial misconduct in that the state, which had not recommended a sentence at the time the plea was entered, nevertheless requested the maximum at sentencing. The respondent has raised the special defense of procedural default as to this claim. Consequently, this Court will first discuss the respondent's reliance upon Johnson and Jackson. CT Page 3049
The Supreme Court in Johnson held that the applicable "standard for reviewability in a habeas corpus proceeding of constitutional claims not adequately preserved at trial because of procedural default" should be the Wainright standard of "cause [for the failure to challenge] and [actual] prejudice" instead of the Fay v. Noia intentional bypass standard. Johnson v. Commissioner of Correction, supra, 218 Conn. 409. The cause and prejudice must be shown conjunctively. Id., at 419. This standard was extended so that the cause and prejudice standard would also "be employed to determine the reviewability of habeas claims that were not properly pursued on direct appeal." Jackson v. Commissioner ofCorrection, supra, 227 Conn. 132. The Jackson court also noted that it had "decided . . . [in Johnson] to abandon the deliberate bypass standard . . . and adopt the cause and prejudice standard as the proper standard[.]" Id., at 131-2.
"[H]abeas corpus proceedings are not an additional forum for asserting claims that should be properly raised at trial or in a direct appeal."Tillman v. Commissioner of Correction, 54 Conn. App. 749, 755,738 A.2d 208; cert. denied, 251 Conn. 913, 739 A.2d 1250 (1999). "The cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance. Therefore, attorney error short of ineffective assistance of counsel does not adequately excuse compliance with our rules of trial and appellate procedure." (Internal citations and quotations omitted.) Cobham v.Commissioner of Correction, 258 Conn. 30, 40, ___ A.2d ___ (2001).
"The scope of a habeas court's authority to furnish a remedy as justice requires is limited to the constitutional deprivation found." State v.Phidd, 42 Conn. App. 17, 30, 681 A.2d 310; cert. denied, 238 Conn. 906,670 A.2d 2 (1996); cert. denied, 520 U.S. 1108, 117 S.Ct. 1115,137 L.Ed.2d 315 (1997). See also Cupe v. Commissioner of Correction,68 Conn. App. 262, 271, ___ A.2d ___ (2002). The petitioner in count two alleges that his conviction and resultant incarceration are unconstitutionally illegal as a result of prosecutorial misconduct arising from the state allegedly not adhering to the plea agreement. The petitioner relies on Green v. Warden, 17 Conn. App. 50, 549 A.2d 679
(1988), as supporting his second count. Pet'r Br., at 5-6.
In Green, "the state's attorney [during the canvassing of the plea] represented that as a condition of the plea, he would not recommend a specific sentence. Contrary to this agreement, however, at the petitioner's sentencing the state's attorney adopted the probation officer's recommendation, made in the presented report, that the maximum sentence be imposed." (Emphasis added.) Id., at 51-2. "[T]he petitioner's guilty plea [in Green] was conditioned on the prosecutor's promise thatCT Page 3050he would not recommend a particular sentence, and that promise was not fulfilled." (Emphasis added.) Id., at 52.
This Court finds that Green is distinguishable from the present case. The agreement in Green entailed a promise that the state's attorney would not recommend a specific sentence. As discussed previously, the state in this case clearly indicated that there was no agreement with the petitioner regarding the sentence to be imposed. See infra p. 4 and 5. The petitioner in this case was not induced into pleading guilty by a promise that no recommendation as to the sentence would be made. Consequently, this Court finds the petitioner's second count to have no merit. Because the petitioner cannot show he was actually prejudiced, further analysis under Johnson/Jackson and Strickland/Hill is unnecessary to resolve whether the petitioner's second count is procedurally defaulted or whether there was ineffective assistance of counsel.
For all the foregoing reasons, the petitioner has failed to prove the claims raised in the his Amended Petition. The Court, therefore, denies the petition seeking habeas corpus relief.
EDWARD C. GRAZIANI, JUDGE