### STATE OF CONNECTICUT *v.* LAWRENCE JAMES THORNTON
### (AC 18079)

O'Connell, C. J., and Spear and Hennessy, Js.

Argued April 29—officially released September 21, 1999

*David A. Moraghan,* for the appellant (defendant).

*Rita M. Shair,* assistant state's attorney, with whom, on the brief, were *Frank S. Maco,* state's attorney, and *Guy W. Wolf III,* senior assistant state's attorney, for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, Lawrence James Thornton, appeals from the judgment of the trial court challenging the imposition as a condition of his probation, inter alia, certain monetary special conditions. The defendant claims that the trial court improperly included, as special conditions of probation, (1) a condition ordering him to pay a lump sum of $5000 into a fund "that will reimburse the victim for any deductible from a health insurance policy or [for] any treatment or counseling the victim may require" and (2) a condition that he pay $1000 per year for the first ten years of his probation into the same fund. The defendant claims further that (3) the terms directing him to make those payments rendered that portion of his sentence illegal. We agree and reverse the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. On June 20, 1997, the defendant, who was known to the victim as a friend of her father, was with the victim's father consuming numerous alcoholic beverages at a sports club. At approximately 10:30 p.m., the defendant returned with the victim's father to the victim's home where the men continued drinking. At some point, while the victim's father was passed out in another part of the home, the defendant made his

way to the victim's bedroom. The victim, who was eight years old at the time and asleep in her bed, was awakened to find the defendant tickling her on the top of her head. The defendant tickled her chest underneath her T-shirt and then tickled her legs. He then put his hand on her vagina on top of her shorts and moved his hand up and down lightly. Despite protests from the victim and her attempt to escape, the defendant continued to molest her, taking her hands, raising them over her head and forcing her to touch his penis twice. The defendant also kissed the victim on her hands and face for a period of time.

When the defendant left the home, the victim and her sister, who had been asleep in the same room, got up and locked all the doors and windows of the house so that the defendant could not return. Unable to awaken their father to inform him of the incident, the victim reported it to her mother the next morning when she returned home.

On October 21, 1997, the defendant pleaded guilty to one count of risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 (2).[1] He was sentenced to ten years incarceration, execution suspended after four years, and thirty years probation. The trial court issued a probation order that provided in relevant part: "By the end of the third year of probation the defendant shall pay the sum of five thousand ($5000) dollars from his earnings into a fund that will reimburse the victim for any deductible from a health insurance policy or any treatment or counseling the victim may require. . . . In addition, the defendant shall pay one

---

[1] General Statutes (Rev. to 1997) § 53-21 provides in relevant part: "Any person who . . . (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child, shall be guilty of a class C felony."

thousand ($1000) dollars a year for the first ten years of his probation into the fund established to reimburse the victim for any deductible from a health insurance policy or any treatment or counseling the victim may require." The defendant thereafter filed an appeal challenging these special conditions of probation.[2]

As a preliminary matter, we must determine whether the defendant's claims as to these two special conditions of probation are reviewable.[3] "Practice Book § 60-5 provides in pertinent part that '[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial' "; *HLO Land Ownership Associates Ltd. Partnership* v. *Hartford*, 248 Conn. 350, 361, 727 A.2d 1260 (1999); however, "[o]ur Supreme Court has liberally interpreted the rules of practice in certain cases by holding that neither it nor this court is 'limited in [our] disposition of a case to claims raised by the parties and [we have] frequently acted sua sponte upon grounds of which the parties were not previously apprised.' . . . See *State* v. *Gilnite*, 202 Conn. 369, 373, 521 A.2d 547 (1987) (within discretion of Appellate Court to address, sua sponte, defendant's waiver of right to appeal by pleading nolo contendere, even though neither party briefed nor argued that issue)." *Issler* v. *Issler*, 50 Conn. App. 58, 67, 716 A.2d 938 (1998), rev'd on other grounds, 250 Conn. 226, 737 A.2d 383 (1999).

"The court may in the interests of justice notice plain error not brought to the attention of the trial court." (Internal quotation marks omitted.) *HLO Land Ownership Associates Ltd. Partnership* v. *Hartford*, supra, 248 Conn. 361. "[R]eview under the plain error doctrine

[2] In addition, the defendant filed a motion for articulation as to these special conditions of probation, which was granted by the trial court.

[3] The defendant did not preserve these issues for appeal and has not requested, either in his brief or during oral argument, that we provide review under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).

is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. *State* v. *King*, 216 Conn. 585, 591, 583 A.2d 896 (1990); *State* v. *Miller*, 202 Conn. 463, 483, 522 A.2d 249 (1987); *State* v. *Hinkley*, 198 Conn. 77, 87–88, 502 A.2d 388 (1985)"; (internal quotation marks omitted) *State* v. *Stephens*, 249 Conn. 288, 291, 734 A.2d 533 (1999) (per curiam); and should be implemented sparingly. *Berchtold* v. *Maggi*, 191 Conn. 266, 274, 464 A.2d 1 (1983). "The doctrine, however, essentially invokes the discretion of the court; *State* v. *Falcon*, 26 Conn. App. 259, 263, 600 A.2d 1364 (1991), cert. denied, 221 Conn. 911, 602 A.2d 10 (1992); *Finley* v. *Aetna Life & Casualty Co.*, 202 Conn. 190, 196, 520 A.2d 208 (1987) [overruled in part on other grounds, *Curry* v. *Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993)]; and has been used where the trial court has failed to apply a clearly relevant statute to the case before it. *State* v. *Burke*, 182 Conn. 330, 331–32, 438 A.2d 93 (1980); *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 181 Conn. 607, 609, 436 A.2d 1259 [cert. denied, 449 U.S. 956, 101 S. Ct. 363, 66 L. Ed. 2d 221] (1980); see also *Cummings & Lockwood* v. *Gray*, 26 Conn. App. 293, 300, 600 A.2d 1040 (1991) (granting of summary judgment on counterclaim when plaintiff had moved only for summary judgment on complaint reversed as plain error)." *State* v. *Ellis*, 32 Conn. App. 849, 853, 632 A.2d 47 (1993).

Here, the trial court improperly relied entirely on General Statutes § 53a-28 (c) for the authority to impose the special conditions of probation at issue. We find this to be plain error and will, therefore, review this claim accordingly.

It is well established that "[w]hen sentencing a defendant to probation, a trial court has broad discretion to impose conditions. *State* v. *Smith*, 207 Conn. 152, 167,

540 A.2d 679 (1988) . . . . Nevertheless, this discretion is not unlimited, as statutory and constitutional constraints must be observed. [Id.]" (Citations omitted.) *State* v. *Graham*, 33 Conn. App. 432, 447, 636 A.2d 852, cert. denied, 229 Conn. 906, 640 A.2d 117 (1994).

General Statutes § 53a-28 (c) provides that "[i]n addition to any sentence imposed pursuant to subsection (b) of this section, if a person is convicted of an offense that resulted in injury to another person or damage to or loss of property, the court shall order the offender to make financial restitution if it determines that financial restitution is appropriate. In determining whether financial restitution is appropriate, the court shall consider: (1) The financial resources of the offender and the burden restitution will place on other obligations of the offender; (2) the offender's ability to pay based on instalments or other conditions; (3) the rehabilitative effect on the offender of the payment of restitution and the method of payment; and (4) other circumstances that the court determines makes restitution appropriate or inappropriate. Restitution ordered by the court pursuant to this subsection shall be based on easily ascertainable damages for injury or loss of property, actual expenses incurred for treatment for injury to persons and lost wages resulting from injury. Restitution shall not include reimbursement for damages for mental anguish, pain and suffering or other intangible losses, but may include the costs of counseling reasonably related to the offense."

Here, the trial court required that the defendant pay moneys into a fund, but failed to make any findings with respect to actual expenses or anticipated out-of-pocket expenses for the victim's medical, psychiatric, psychological or emotional care, treatment or counseling. While the trial court speculated in its articulation as to what it deemed "predictable long-term consequences" resulting from this terrible offense, we are not

inclined to require the defendant to set aside moneys for the possibility that in the future, the victim may require such services. This is far too remote to be considered "reasonably related to the offense" or "easily ascertainable damages for injury" to be allowed under § 53a-28 (c); the statute does not allow for such crystal ball-gazing in determining restitution. We agree with the defendant that the trial court's order is purely speculative and conclude, therefore, that the trial court committed plain error by relying entirely on § 53a-28 (c) for the authority to impose the special conditions of probation at issue.

The judgment is reversed and the case is remanded for resentencing with direction to delete the challenged special conditions of probation.

In this opinion the other judges concurred.