STATE OF CONNECTICUT *v.* GARFIELD CAMPBELL
(AC 23110)

Foti, Dranginis and Flynn, Js.

Argued June 1—officially released August 24, 2004

*Damon A. R. Kirschbaum*, special public defender, for the appellant (defendant).

*Erik T. Lohr*, special deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's

attorney, and *Herbert E. Carlson, Jr.*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Garfield Campbell, appeals from the judgments of conviction, rendered following a jury trial, of burglary in the second degree in violation of General Statutes § 53a-102 (a), threatening in violation of General Statutes (Rev. to 1999) § 53a-62 (a) (1) and (3), and criminal violation of a protective order in violation of General Statutes § 53a-110b, now § 53a-223. On appeal, the defendant claims that the court improperly ordered him to make restitution to the victim as a condition of his probation. We dismiss the appeal, as the defendant's claim is not ripe for adjudication.

The following facts are relevant to our decision. Subsequent to the jury's returning a verdict, the court sentenced the defendant to four years in the custody of the commissioner of correction, execution suspended after two years, followed by three years of probation with special conditions, including the condition that the defendant make restitution to the victim if the office of adult probation (probation office) determines that restitution is warranted.[1] The defendant did not object to the conditions of probation but filed a motion for articulation fourteen months later. The court provided an articulation.[2]

[1] In sentencing the defendant, the court stated: "He is to make restitution to the victim . . . upon proof by her that he took her possessions—proof satisfactory to the office of probation."

[2] The state has argued on appeal that the defendant's claim is unpreserved, as a motion for articulation is not sufficient to preserve a claim of error for appellate review. The state also has argued that the defendant's claim is not reviewable pursuant to *State* v. *Golding*, 213 Conn. 233, 239-40, 567 A.2d 823 (1989), or the plain error doctrine. See Practice Book § 60-5. Because we conclude that the defendant's claim is not yet ripe, we need not address the state's reviewability arguments.

On appeal, the defendant claims that it was improper for the court to impose restitution as a condition of probation. The state has argued that because the probation office has not yet determined that the defendant must make restitution to the victim, the issue is not yet ripe for adjudication. We agree with the state.

"In light of the rationale of the ripeness requirement, to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . we must be satisfied that the case before the court does not present a hypothetical injury or a claim contingent upon some event that has not and indeed may never transpire." (Citation omitted; internal quotation marks omitted.) *Milford Power Co., LLC* v. *Alstom Power, Inc.*, 263 Conn. 616, 626, 822 A.2d 196 (2003). "Our Supreme Court has consistently held that our courts may not render advisory opinions. . . . Such an opinion is one of advice and not of judgment as there are no parties whose rights are adjudicated, and it is not binding on anyone. . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable." (Citations omitted; internal quotation marks omitted.) *Cumberland Farms, Inc.* v. *Groton*, 46 Conn. App. 514, 517, 699 A.2d 310 (1997), rev'd on other grounds, 247 Conn. 196, 719 A.2d 465 (1998). "The general rule is that a case is justiciable if it is capable of resolution on the merits by judicial action." (Internal quotation marks omitted.) Id.; see also *Esposito* v. *Specyalski*, 268 Conn. 336, 346–47, 844 A.2d 211 (2004) (addressing relationship between ripeness, justiciability as defined by federal courts). If an issue is not yet ripe for adjudication, this court lacks subject matter jurisdiction to afford it consideration. See *Esposito* v. *Specyalski*, supra, 347.

We conclude that the defendant's claim is not ripe for adjudication because the probation office has not

yet determined that the victim has offered satisfactory proof that the defendant took her possessions and therefore ordered him to make restitution. It may well come to pass that the victim does not make the necessary showing. In that instance, the defendant will not be required to make restitution. At this time, there is no relief that we can provide the defendant because there is no need for it. Because the defendant's claim is not yet ripe, we lack jurisdiction to decide the claim and are bound therefore to dismiss the appeal.[3] See id., 350.

The appeal is dismissed.

---

[3] This case is distinguishable from *State* v. *Ortiz*, 83 Conn. App. 142, 161–66, 848 A.2d 1246, cert. denied, 270 Conn. 915, 853 A.2d 530 (2004). In *Ortiz*, the sentencing court ordered, as a condition of probation, that the defendant have no contact with his minor children. The defendant challenged the condition in his direct appeal. The issue at trial was not preserved for appeal. Because his children may reach their majority by the time the defendant is granted probation, the state argued that his claim was not ripe for review. This court concluded that the condition of probation implicated the fundamental right to family integrity; see *Castagno* v. *Wholean*, 239 Conn. 336, 343, 684 A.2d 1181 (1996); and that the defendant need not wait until he was charged with violation of probation to raise the claim. The fundamental right to associate with one's children is not at stake here. No harm will befall the defendant in this case to wait for a violation of probation, if one should occur, to challenge the condition of restitution imposed by the court.