STATE OF CONNECTICUT *v.* GARRY KLINGER
(AC 26850)

DiPentima, Gruendel and Berdon, Js.

---

Submitted on briefs May 29—officially released August 7, 2007

*Garry Klinger*, pro se, the appellant (defendant), filed a brief.

*Michael Dearington*, state's attorney, *Margaret Gaffney Radionovas* and *Leon F. Dalbec, Jr.*, senior assistant state's attorneys, and *Kevin M. Shay*, assistant state's attorney, filed a brief for the appellee (state).

DiPENTIMA, J. The pro se defendant, Garry Klinger, appeals from the judgment of the trial court denying his motion to vacate the conditions of his probation. On appeal, the defendant claims that (1) the state breached its plea agreement with him by improperly asking for the imposition of conditions of probation of which he had not been apprised at the time of the plea and to which he had not agreed, (2) the court improperly failed to apprise him of the conditions of probation at the time of the plea and (3) a certain condition of his probation was improper because it required him to pay restitution to an entity with respect to an offense for which he had not been convicted. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the defendant's appeal. The defendant befriended a woman named Maria Ortiz, obtained information about her identity and created fake employment records to apply for a mortgage loan in her name without her knowledge. At the defendant's request, another woman, Patricia Tarasiewicz, impersonated Ortiz and closed on a mortgage loan for property located in Meriden on May 25, 1999. Three months later, the defendant falsely represented that he owned the Meriden property in fee simple and closed on a second mortgage loan on August 31, 1999.

On the basis of those facts, the defendant was charged by substitute long form information in the first count with larceny in the first degree in violation of General Statutes §§ 53a-119 (2) and 53a-122 (a) in that on or about August 31, 1999, he obtained personal property of Saxon Mortgage, Inc., valued in excess of $10,000, by false pretenses, and, in the second count, with larceny in the first degree in violation of §§ 53a-119 (2) and 53a-122 (a) in that on or about May 25, 1999, he obtained

personal property of First Keystone Federal Savings Bank, valued in excess of $10,000, by false pretenses. On June 3, 2003, the defendant pleaded guilty under the *Alford* doctrine[1] to the first count of the substitute information.[2]

The plea agreement between the parties contemplated alternative agreed sentences depending on whether the defendant provided at sentencing $50,000 toward the total restitution of $108,000 owed to both banks involved. At the sentencing hearing three months later, on September 10, 2003, the defendant, represented by counsel, produced $46,000 in restitution. Although the defendant had not furnished the full $50,000, the state agreed to permit him to be subject to the lesser sentencing scheme. Accordingly, on that same day, the court, *Fasano, J.*, sentenced the defendant to the agreed term of ten years, execution suspended after five years, with three years probation. The state then asked the court to impose certain conditions of probation, and the court did so. Accordingly, the following conditions of probation were imposed by the court: (1) no contact with any alleged victims, (2) pay the remaining amount of restitution, $62,000, by six months prior to the end of his probation, (3) submit to substance abuse and psychological evaluation and treatment, if deemed appropriate, (4) seek and maintain full-time employment during the period of probation, (5) no contact with Ortiz or Tarasiewicz and (6) do not seek employment in the mortgage brokerage industry during the period of his probation. When asked by the court if he had any objections to the conditions, the defendant voiced no objection.

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 35, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] Apparently, the charge in the second count was nolled as part of the plea agreement.

On May 23, 2005, nearly two years after the plea proceeding, the defendant filed a pro se motion to vacate the conditions of his probation. On June 21, 2005, the court, *Damiani, J.*, held a hearing on this motion and other matters. The court denied the defendant's motion, reasoning that the motion was premature because the defendant was still incarcerated and, furthermore, that the motion failed on the merits because the conditions were valid. This appeal followed.

The state has raised a threshold issue as to whether the defendant's claims on appeal are reviewable. It maintains that because the defendant filed his motion to vacate the conditions of his probation while he was still serving his sentence of incarceration, the court lacked subject matter jurisdiction to decide the motion because it was not ripe. We disagree. A condition of probation may be challenged prior to the commencement of probation. See *State* v. *Ortiz*, 83 Conn. App. 142, 161–62, 848 A.2d 1246 (concluding defendant's challenge to condition of probation restricting contact with children ripe despite defendant's incarceration), cert. denied, 270 Conn. 915, 853 A.2d 530 (2004); see also *State* v. *Thornton*, 55 Conn. App. 28, 30–31, 739 A.2d 271 (1999) (reviewing condition of probation consisting of restitution to be completed by end of third year of probation despite defendant's incarceration). "[I]t is not necessary that [a] petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights." (Internal quotation marks omitted.) *State* v. *Ortiz*, supra, 162.

The state cites *State* v. *Campbell*, 84 Conn. App. 648, 854 A.2d 813, cert. denied, 271 Conn. 940, 861 A.2d 515 (2004), in support of its argument that the defendant's appeal is not ripe. We do not read *Campbell* as supporting the state's claim. In that case, we concluded that the defendant's claim on appeal that the trial court

improperly ordered him to make restitution to the victim as a condition of his probation was not ripe for adjudication because, according to the conditions of his probation, the defendant was required to make restitution to the victim only if the office of adult probation determined that restitution was warranted, and that determination had not been made as of that time. Id., 650. The ripeness issue in *Campbell* was not decided on the basis of whether the defendant was incarcerated, a fact that was not illuminated on appeal, but rather on the ground that it was uncertain whether the defendant would be required to pay restitution.

I

The defendant first claims that the state breached the plea agreement by improperly asking for the imposition of conditions of probation of which he had not been apprised at the time of the plea and to which he had not agreed. We decline to review this unpreserved claim.

Our review of the record reveals that the defendant did not raise this claim before the trial court. In his motion to vacate the conditions of probation, the defendant claimed that he was not apprised of the conditions and special conditions at the plea proceeding on June 3, 2003, and not that the state improperly requested these conditions. The defendant repeated this claim at the June 21, 2005 hearing on his motion. "When a party raises a claim for the first time on appeal, our review of the claim is limited to review under either the plain error doctrine as provided by Practice Book § 60-5, or the doctrine set forth in *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989)." (Internal quotation marks omitted.) *State* v. *Marsala*, 93 Conn. App. 582, 590, 889 A.2d 943, cert. denied, 278 Conn. 902, 896 A.2d 105 (2006). In the present case, the defendant has not

requested plain error or *Golding* review of his unpreserved claim. "This court often has noted that it is not appropriate to engage in a level of review that is not requested. . . . When the parties have neither briefed nor argued plain error [or *Golding* review], we will not afford such review." (Internal quotation marks omitted.) Id.

"Although we are solicitous of the rights of pro se litigants . . . [s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law." (Internal quotation marks omitted.) *State* v. *Ferraiuolo*, 80 Conn. App. 521, 529 n.7, 835 A.2d 1041 (2003), cert. denied, 267 Conn. 916, 841 A.2d 220 (2004). Our review of the record reveals that the defendant did not raise this claim before the trial court. In his motion to vacate the conditions of his probation, the defendant claimed only that he was not apprised of the conditions and special conditions at the plea proceeding on June 3, 2003. The defendant repeated this claim at the June 21, 2005 hearing on his motion. This court "ordinarily will not review an issue that has not been properly raised before the trial court." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 550, 911 A.2d 712 (2006); see also Practice Book § 60-5 (court shall not be bound to consider claim unless it was distinctly raised at trial or arose subsequent to trial). Accordingly, we conclude that the defendant's claim was not preserved for our review, and the defendant has not requested *Golding* or plain error review of his unpreserved claim.

II

The defendant next appears to claim that the court improperly failed to apprise him of the conditions of probation at the time of the plea. We decline to review this claim.

"[Appellate courts] are not required to review issues that have been improperly presented . . . through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *State* v. *Colon*, 272 Conn. 106, 153 n.19, 864 A.2d 666 (2004), cert. denied, 546 U.S. 848, 126 S. Ct. 102, 163 L. Ed. 2d 116 (2005).

This issue was not included in the statement of issues presented in the defendant's appellate brief. See *Elm Street Builders, Inc.* v. *Enterprise Park Condominium Assn., Inc.*, 63 Conn. App. 657, 659 n.2, 778 A.2d 237 (2001). Moreover, the brief fails to provide any meaningful legal analysis or arguments, and the defendant merely alludes to this claim in two sentences in the facts section of his brief. As such, the defendant's brief provides this court with an insufficient basis for appellate review, and, accordingly, we decline to review the defendant's claim.

III

The defendant next claims that the condition of probation requiring him to pay restitution to First Keystone Federal Savings Bank was improper because he had not been convicted of any offense with respect to that entity. The state argues that the defendant has waived any challenge to the condition of probation. We agree with the state.

"Waiver is an intentional relinquishment or abandonment of a known right or privilege. . . . It involves the idea of assent, and assent is an act of understanding. . . . The rule is applicable that no one shall be permitted to deny that he intended the natural consequences of his acts and conduct. . . . In order to waive a claim of law it is not necessary . . . that a party be certain of the correctness of the claim and its legal efficacy. It is enough if he knows of the existence of the claim and

of its reasonably possible efficacy. . . . Connecticut courts have consistently held that when a party fails to raise in the trial court the constitutional claim presented on appeal and affirmatively acquiesces to the trial court's order, that party waives any such claim." (Internal quotation marks omitted.) *State* v. *Felder*, 95 Conn. App. 248, 254–55, 897 A.2d 614, cert. denied, 279 Conn. 905, 901 A.2d 1226 (2006); see also *State* v. *Ruffin*, 48 Conn. App. 504, 510, 710 A.2d 1381 ("[o]ur procedure does not allow a defendant to pursue one course of action at trial and later, on appeal, argue that the path he rejected should now be open to him"), cert. denied, 245 Conn. 910, 718 A.2d 18 (1998).

The defendant acquiesced in the conditions of probation imposed by the court. Although the defendant had not produced the full $50,000, the state agreed to permit him to be subject to a more favorable sentencing scheme than contemplated by the plea agreement in such an instance. The state then asked the court to impose certain conditions of probation. The court stated: "All right. Those seem to be fair additions. Any objection on behalf of the defense?" Defense counsel replied: "No, Your Honor." After the state suggested additional conditions of probation, defense counsel was given the opportunity to object and refused to make an objection. We therefore conclude that the defendant waived any objection to the conditions of his probation.

The judgment is affirmed.

In this opinion the other judges concurred.