STATE OF CONNECTICUT *v.* ANTONIO W.[1]
(AC 27211)

DiPentima, Gruendel and Stoughton, Js.

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the defendant's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Argued March 14—officially released July 8, 2008

*Stephanie L. Evans*, special public defender, for the appellant (defendant).

*Ronald G. Weller*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, former state's attorney, and *Robin D. Cutuli*, former senior assistant state's attorney, for the appellee (state).

*Opinion*

STOUGHTON, J. The defendant, Antonio W., has appealed from the judgment of conviction, rendered after a jury trial, of three counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (2). He claims that the trial court (1) failed to comply with Practice Book § 42-19, (2) improperly admitted testimony under the medical exception to the hearsay rule and (3) failed to charge the jury on constancy of accusation. He claims finally that the evidence was insufficient to support the guilty verdict. We affirm the judgment of the trial court.

The jury might reasonably have found the following facts. In December, 2003, the fifteen year old defendant and his six year old female cousin were living with others in the house of their grandparents in East Hartford. There were two bedrooms upstairs, one of which was occupied by the grandfather and the other by the girl. The defendant slept in the basement with his parents and his siblings. During a two week period in which the girl stayed with her grandparents, the defendant went to her bedroom on several occasions, took off her pajamas and inserted his finger and his penis into her vagina. The victim of the assaults protested to the defendant, but she did not tell anybody in the house about the incidents because the defendant told her not to tell. On December 18, 2003, she went to school and complained to Monica Maneri, the school nurse, of blood on her panties. She told Maneri that "[t]he thing

hurts down there." She told the nurse, when asked what happened, that the defendant put his finger there and that it hurt. Maneri summoned the school social worker because she is required to have another adult present when she examines a child. When the social worker arrived, the victim repeated her complaint. Maneri looked at the victim's panties and saw a stain that looked like blood. The matter was then referred to the department of children and families (department). The victim was examined by Frederick Berrien, a pediatrician, who observed two notches on the hymen consistent with penetration trauma. He also observed small areas of bleeding that indicated recent trauma.

## I

The defendant first claims that the integrity of the trial was compromised when the court failed to hold a charging conference on the record pursuant to Practice Book § 42-19.[2] We reject this claim.

The defendant's claim is raised for the first time on appeal. Although the record is clear that the court did confer with counsel on the charge and that each counsel was provided with a copy of the charge, neither counsel requested a conference. Thus, the requirement that the conference be on the record or that the substance of the conference be summarized on the record was never triggered. The defendant's assertion that because he filed a request to charge he sufficiently requested a charge conference is without merit. The defendant never requested a charge conference and did not claim in the court that it should have conducted a charge conference on the record in accordance with Practice

[2] Practice Book § 42-19 provides: "After the close of evidence but before arguments to the jury, the judicial authority shall, if requested, inform counsel out of the presence of the jury of the substance of its proposed instructions. The charge conference shall be on the record or summarized on the record."

Book § 42-19. Furthermore, the court specifically invited the parties to make a record of discussions regarding the charge.[3] Neither party did. The defendant makes no claim that the Practice Book § 42-19 requirement for a charge conference is of constitutional dimension. Because this claim is unpreserved, we decline to afford it review. See, e.g., *State* v. *Klinger*, 103 Conn. App. 163, 169, 927 A.2d 373 (2007).

The defendant alternatively seeks review of his claim under the plain error doctrine. See Practice Book § 60-5. Plain error review is reserved for extraordinary situations in which the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. *State* v. *D'Antonio*, 274 Conn. 658, 669, 877 A.2d 696 (2005). The defendant was provided with a written copy of the proposed charge, there were discussions concerning certain aspects of the charge and the defendant took no exceptions to the charge as given. He has failed to show manifest injustice resulting from the absence of a charging conference, or the summary thereof, on the record.

## II

The defendant next claims that the court improperly admitted testimony under the medical exception to the hearsay rule. Specifically, he challenges testimony elicited from the school nurse, who examined the victim, regarding statements the victim directed to the school social worker during the nurse's examination of the victim.

---

[3] The following colloquy occurred:

"The Court: Are there any instructions that come to mind that you know you're going to be asking for in light of anything that's happened today . . . ?

"I'm not going to try to take a whole lot of your time on preparing the charge. I would like to have five minutes this afternoon of your time, however, just to talk about one matter. We don't need to do that on the record. Feel free to make a record of any of it later, if you want."

The medical exception to the hearsay rule is now codified at § 8-3 (5) of the Connecticut Code of Evidence.[4] Maneri testified that the victim had complained of blood in her panties and stated that "[t]he thing hurts down there." When the nurse asked what happened, the victim replied that the defendant put his finger there and that it hurt. Maneri then summoned the school social worker because she could not examine the victim without the presence of another adult, as explained previously. Maneri testified that when the social worker asked what happened, the victim repeated what she had stated to the nurse and added that the defendant was her cousin and that he lived with her grandparents. The nurse proceeded to examine the victim. The school social worker then called the department. A department social worker, accompanied by a police officer, arrived shortly thereafter.

At trial, the defendant objected on hearsay grounds when the prosecutor asked the nurse whether the victim had a general complaint when she entered the nurse's office. Outside the presence of the jury, defense counsel argued that the nurse's testimony regarding what the victim told her was inadmissible because the medical exception to the hearsay rule did not apply because the school nurse was an authority figure, like a teacher or a principal, and the victim might have made her disclosure out of fear rather than for medical reasons. The court overruled the objection, finding that *State* v. *Cruz*, 260 Conn. 1, 792 A.2d 823 (2002), was controlling. The court told the prosecution that it could "put your question again, and I'll understand that it's subject to

---

[4] Connecticut Code of Evidence § 8-3 provides in relevant part: "The following [is] not excluded by the hearsay rule, even though the declarant is available as a witness . . . (5) . . . [a] statement made for purposes of obtaining medical treatment or advice pertaining thereto and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to the medical treatment or advice."

the same objection" so that the defendant would not have to object again. The prosecution informed the court that there would be further questions as to specifically what the victim had stated. The court stated, and defense counsel agreed, that that was anticipated. The nurse then testified as summarized previously, and there were no further objections.

On appeal, the defendant does not claim, as he did at trial, that the hearsay statements to the nurse were not within the medical exception because the nurse was an authority figure. Instead, he claims that the statement to the social worker, related by the nurse in her testimony, was not within the medical exception. This claim was not made in the trial court and, as another unpreserved claim, is unreviewable in this court.[5]

Although the defendant makes another meritless claim that this issue was preserved, he seeks in the alternative both *Golding*[6] review and plain error review. The well known requirements for *Golding* review include the requirement that the claim be of constitutional magnitude. Although the defendant asserts that the testimony affected the core issue of the case, making

[5] The defendant argues, however, that the claim is preserved because he objected to the nurse's testimony. The record reveals, however, that the objection, and the court's notice of a continuing objection, related only to the statements made to the nurse, on the ground that the nurse was an authority figure. Neither of the parties, nor the court, mentioned any statements the victim may have given to the social worker.

[6] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

the trial unfair and escalating the harm to a constitutional level, he concedes in his brief that admission of the testimony was an evidentiary issue and that admission of a statement that is impermissible hearsay is not a constitutional error. Therefore, he is not entitled to *Golding* review of this claim.

The defendant also seeks plain error review. We conclude that the defendant has, again, failed to demonstrate manifest injustice. The social worker was within the chain of medical care, and the statement was made to her during the nurse's examination and was, therefore, admissible. See *State* v. *Cruz*, supra, 260 Conn. 14–15. The defendant suggests that because a police officer was present with the social worker, her question to the victim was to further an investigation. Not only was this not raised in the trial court but it is factually inaccurate. The transcript shows that the police officer arrived later with a social worker from the department, who was called by the school social worker. Further, the only evidence in the challenged portion of the testimony that was not already admitted during the now unchallenged portion of the nurse's testimony is that the defendant was the victim's cousin and that he lived with her grandparents at the time, facts that do not appear to be otherwise in dispute. Therefore, this claim fails.

### III

Next, the defendant complains that the court failed to charge the jury on constancy of accusation in accordance with his request. The defendant filed a request to charge on constancy of accusation before the state began to offer evidence. He asserts: "A request to charge which is relevant to the issues and which is an accurate statement of the law must be given." The defendant argues that the following witnesses provided testimony that required the court to deliver a constancy of accusation charge: Maneri, Berrien, police Officer William Gillanders and Emily Goodwin, a child and family

therapist. We agree with the state that these witnesses did not provide constancy of accusation testimony, and, therefore, the court properly declined the defendant's request to deliver a constancy of accusation charge.

As the defendant acknowledges in his appellate brief: "A constancy of accusation witness is someone to whom the complaining witness in a sexual assault case has confided in about her assault." See *State* v. *Troupe*, 237 Conn. 284, 290 n.7, 677 A.2d 917 (1996). For evidence of a prior accusation to be admissible pursuant to the constancy of accusation doctrine, the accusation must have been made before the victim reported the incident to the police. Once the victim has reported the crime to the police, statements to witnesses by the victim no longer serve the purpose for which constancy of accusation testimony is permitted. *State* v. *Samuels*, 273 Conn. 541, 551–52, 871 A.2d 1005 (2005). Further, the constancy of accusation doctrine is limited to testimony only as to the fact and timing of the victim's complaint and as to details of the assault necessary to associate the complaint with the pending charge. *State* v. *Troupe*, supra, 304.

None of the witnesses was offered as a constancy witness, and none of them provided constancy of accusation testimony. Maneri's testimony, as discussed previously, was admitted for substantive purposes under the medical exception to the hearsay rule, and she was not a constancy witness. The other three witnesses became involved after the complaint to the police. Berrien testified concerning his physical examination, Gillanders was offered as a witness to explain his investigation, which included interviews with the defendant and a description of the house in which the parties lived, and Goodwin, a therapist who treated the victim after the assaults, was called to explain certain behaviors exhibited by sexually abused children. None of these witnesses' testimony was offered solely to show

that the victim confided in them an accusation of sexual assault. Further, the defendant has not shown that any of the testimony was admitted pursuant to the constancy of accusation doctrine.

Because none of the witnesses was called to present constancy of accusation testimony, and none of them provided such testimony, the court properly omitted a charge on constancy of accusation.

The defendant also claims that the court failed to instruct the jury that the victim's credibility could be impeached by prior inconsistent statements. This claim is unpreserved, and he seeks *Golding* review.

In fact, the court did instruct on credibility and informed the jury that one of the factors to consider was whether the testimony of a witness was contradicted by what he or she stated at another time or by the testimony of other witnesses or by other evidence. The court also instructed the jury on the use of prior inconsistent statements in assessing credibility. Therefore, this claim fails.

IV

Finally, the defendant claims that the evidence was insufficient to support the guilty verdict. We reject this claim.

In reviewing a sufficiency of the evidence claim, this court first construes the evidence in the light most favorable to sustaining the verdict and then determines whether, on the facts so construed and the inferences reasonably drawn therefrom, the fact finder reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. *State* v. *Anderson*, 74 Conn. App. 633, 636–37, 813 A.2d 1039, cert. denied, 263 Conn. 901, 819 A.2d 837 (2003). The evidence recounted previously is clearly sufficient to establish guilt.

The sole claim made by the defendant is that the victim's testimony was incredible and uncorroborated. Even if uncorroborated, the victim's testimony, if believed, may be sufficient to support a guilty verdict. See *State* v. *Jackson*, 75 Conn. App. 578, 584–85, 816 A.2d 742 (2003). The credibility of witnesses is a matter solely to be determined by the jury; *State* v. *White*, 229 Conn. 125, 143, 640 A.2d 572 (1994); and arguments raised on appeal with regard to the victim's credibility are generally not the proper subject of an appeal. *State* v. *Osoria*, 86 Conn. App. 507, 515, 861 A.2d 1207 (2004), cert. denied, 273 Conn. 910, 870 A.2d 1082 (2005). Therefore, this claim fails.

The judgment is affirmed.

In this opinion the other judges concurred.