******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

STATE OF CONNECTICUT *v.* LEE BALDWIN
(AC 40283)

DiPentima, C. J., and Alvord and Flynn, Js.

*Syllabus*

Convicted, on a guilty plea pursuant to the *Alford* doctrine, of the crime of risk of injury to a child and of violation of probation, the defendant appealed to this court, claiming that the trial court improperly denied his motion to modify the terms and conditions of probation. As part of the defendant's plea agreement, he was required to register as a sex offender and to participate in sex offender treatment. Subsequently, the defendant commenced a habeas action, alleging ineffective assistance of trial counsel regarding his *Alford* plea. Thereafter, the defendant filed a motion to modify the conditions of his probation, in which he requested that he not be required to discuss any facts in connection with his conviction or other facts for which he had a right against self-incrimination until after the conclusion of his habeas litigation. He also sought to suspend his sex offender treatment until the resolution of his habeas case. *Held*:

1. The defendant could not prevail on his claim that the trial court's denial of his motion to modify the conditions of his probation violated his fifth amendment privilege against self-incrimination in future proceedings, the defendant having waived his claim by entering an *Alford* plea and expressly agreeing, on the record, to participate in sex offender treatment, including admitting to the conduct that resulted in his *Alford* plea; the court specifically informed the defendant on two occasions during the plea hearing that he would be required to participate in sex offender treatment and that as part of such treatment, he would be required to admit to committing acts that constituted the violation of his probation, the defendant accepted those conditions and garnered the benefits of his plea bargain with the state, and in doing so, he waived the right to challenge the conditions that he participate in sex offender treatment and admit to his conduct.

2. The defendant's claim that the trial court abused its discretion in denying his motion to modify and not allowing him to delay participating in sex offender treatment until after the conclusion of his pending habeas matter was unavailing, the defendant having expressly waived his objection to participating in sex offender treatment, and having failed to demonstrate that the trial court, in concluding that policy and public safety concerns do not warrant the suspension of the sex offender treatment, abused its discretion in denying his motion to modify the conditions of his probation.

Argued April 9—officially released July 3, 2018

*Procedural History*

Substitute information charging the defendant with the crimes of risk of injury to a child and sexual assault in the fourth degree, and with two counts of violation of probation, brought to the Superior Court in the judicial district of New Haven, geographical area number twenty-three, where the defendant was presented to the court, *Cradle, J.*, on a plea of guilty to risk of injury to a child and an admission to the violations of probation; judgment in accordance with the plea; thereafter, the court denied the defendant's motion to modify the conditions of his probation, and the defendant appealed to this court. *Affirmed.*

*Temmy Ann Miller*, assigned counsel, with whom, on the brief, was *Scott Jongebloed*, for the appellant

(defendant).

*Laurie N. Feldman*, special deputy assistant state's attorney, with whom, on the brief, were *Patrick J. Griffin*, state's attorney, and *Donald S. MacCalmon*, assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The defendant, Lee Baldwin, appeals challenging the denial of his motion to modify the terms and conditions of his probation filed pursuant to General Statutes § 53a-30 (c). Specifically, he claims that (1) the court's denial violated his fifth amendment privilege against self-incrimination in a future proceeding and (2) the court abused its discretion in denying the motion to modify and not allowing the defendant to delay his sex offender treatment until his pending habeas action had concluded. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our discussion. On July 11, 2014, the defendant pleaded guilty, pursuant to the *Alford* doctrine,[1] to two counts of violating his probation and one count of risk of injury to a child.[2] During discussions, on the record, just prior to the plea canvass, defense counsel noted that the defendant "realizes during his [sex offender] treatment he has to admit to the underlying conduct." The court immediately asked the defendant if he had discussed this requirement with his counsel, and he responded in the affirmative. The defendant also acknowledged that the court would require him to register as a sex offender.

During the canvass, the court repeated that, due to the nature of the defendant's conduct, he would be required to register as a sex offender. The court also informed the defendant that he would be required to participate in sex offender treatment during his probation. The court then stated: "Now, what is important for you to understand is that during the period of your probation, when you go to sex offender treatment they are going to require you to acknowledge that you've committed the acts that you are charged with today and that you've [pleaded] to. You understand what I mean by that?" The defendant responded in the affirmative. The court then cautioned the defendant as follows: "Okay. Because if you don't acknowledge that you committed the act that can be a violation of probation and then you would come back here and the state would be looking for you to serve eight years in jail. Any questions about that?" The defendant responded in the negative.

The court accepted the defendant's plea, finding that it was made knowingly and voluntarily with the assistance of competent counsel. On September 23, 2014, the court sentenced the defendant to ten years incarceration, execution suspended after two years, and five years probation. The court also required the defendant to register as a sex offender and to participate in sex offender treatment. In March, 2016, the defendant commenced a habeas action, alleging ineffective assistance of counsel with respect to his *Alford* plea on July 11,

2014.

On May 31, 2016, the defendant filed a motion to modify the conditions of his probation pursuant to § 53a-30 (c).[3] He requested that "he not be required to discuss any aspect of the facts underlying his conviction or other facts for which he has a [f]ifth [a]mendment privilege against self-incrimination [in sex offender treatment] until after petitioner's habeas litigation has concluded."

At a hearing on July 18, 2016, defense counsel explained that the defendant was seeking to stay his sex offender treatment until the resolution of his habeas case. The state filed its written response to the defendant's motion on August 5, 2016. It argued that the defendant had not shown good cause as required by § 53-30 (c) and that the defendant was made fully aware of the terms of his guilty plea, including participating in sex offender treatment and admitting to his criminal actions.

On September 12, 2016, the court, after hearing briefly from the parties, issued its oral decision denying the defendant's motion to modify the terms of his probation. At the outset, it noted that sex offender treatment was part of the defendant's guilty plea pursuant to the *Alford* doctrine. It further determined that the requirement that the defendant participate in sex offender treatment as part of his probation did not affect the merits of his pending habeas action. Additionally, the court concluded that there were policy and public safety concerns that did not warrant the suspension of his sex offender treatment. The court also rejected the defendant's arguments regarding the fifth amendment privilege against self-incrimination. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the court's denial of his motion to modify the conditions of his probation violated his fifth amendment privilege against self-incrimination in future proceedings. Specifically, he argues that the court "failed to protect [his] privilege against self-incrimination when it refused to hold in abeyance the requirement that he respond to incriminating questions [in sex offender treatment] that could be used against him in a new prosecution." We conclude that the defendant waived this claim by expressly agreeing, on the record, to participate in sex offender treatment, including admitting to the conduct that resulted in his *Alford* plea.

The following legal principles inform our analysis. "A plea of guilty is, in effect, a conviction, the equivalent of a guilty verdict by a jury. . . . In choosing to plead guilty, the defendant is waiving several constitutional rights, including his privilege against self-incrimination, his right to trial by jury, and his right to confront his

accusers. . . . These considerations demand the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and its consequences. . . . The United States Supreme Court has held that for the acceptance of a guilty plea to comport with due process, the plea must be voluntarily and knowingly entered. *Boykin* v. *Alabama*, 395 U.S. 238, 243–44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)." (Citation omitted; internal quotation marks omitted.) *State* v. *Moye*, 119 Conn. App. 143, 163, 986 A.2d 1134, cert. denied, 297 Conn. 907, 995 A.2d 638 (2010).

By entering an *Alford* plea[4] in the present case, the defendant waived, inter alia, his right against self-incrimination. Additionally, the court specifically informed the defendant on two occasions during the plea hearing that he would be required to participate in sex offender treatment. Furthermore, the court apprised the defendant that as part of his treatment, he would be required to admit to committing acts that constituted the violation of his probation.

The defendant accepted these conditions and garnered the benefits of his plea bargain with the state. In doing so, he expressly waived the right to challenge the conditions that he participate in sex offender treatment and admit to his conduct. "Waiver is an intentional relinquishment or abandonment of a known right or privilege. . . . It involves the idea of assent, and assent is an act of understanding. . . . The rule is applicable that no one shall be permitted to deny that he intended the natural consequences of his acts and conduct. . . . In order to waive a claim of law it is not necessary . . . that a party be certain of the correctness of the claim and its legal efficacy. It is enough if he knows of the existence of the claim and of its reasonably possible efficacy. . . . Connecticut courts have consistently held that when a party fails to raise in the trial court the constitutional claim presented on appeal and affirmatively acquiesces to the trial court's order, that party waives any such claim." (Internal quotation marks omitted.) *State* v. *Klinger*, 103 Conn. App. 163, 170–71, 927 A.2d 373 (2007); cf. *State* v. *Obas*, 320 Conn. 426, 444–45, 130 A.3d 252 (2016) (because it was undisputed that defendant did not explicitly waive right to file application for exemption for sex offender registration and plea agreement was ambiguous, court would not infer from defendant's assent to register as sex offender for ten years that he forfeited his statutory right to request exemption).

In *Klinger*, the defendant claimed, inter alia, that the condition of probation requiring him to repay a certain financial institution was improper. *State* v. *Klinger*, supra, 103 Conn. App. 170. In concluding that the defendant had waived this claim, we noted that he had "acquiesced in the conditions of probation imposed by the

court." Id., 171. Furthermore, "[a]fter the state suggested additional conditions of probation, defense counsel was given the opportunity to object and refused to make an objection." Id. We determined that under these facts and circumstances, the defendant had waived any objection to his conditions of probation. Id. See generally *United States* v. *Mezzanatto*, 513 U.S. 196, 201, 115 S. Ct. 797, 130 L. Ed. 2d 697 (1995) (criminal defendant may knowingly and voluntarily waive many of most fundamental protections afforded by United States constitution). In the present case, during his plea canvass, the defendant waived any objection to participating in sex offender treatment and the requirement that he admit to the conduct that led to the violation of his probation. Accordingly, we decline to consider this appellate claim.

## II

The defendant also claims that the court abused its discretion in denying the motion to modify and not allowing him to delay participating in sex offender treatment until his pending habeas action had concluded. Specifically, the defendant argues that the court misinterpreted his claim[5] regarding his fifth amendment concerns and gave improper weight to the state's public interest argument. We are not persuaded by these arguments.

"Probation is the product of statute. . . . Statutes authorizing probation, while setting parameters for doing so, have been very often construed to give the court broad discretion in imposing conditions." (Citation omitted; internal quotation marks omitted.) *State* v. *Crouch*, 105 Conn. App. 693, 696–97, 939 A.2d 632, 635 (2008). Section 53a-30 (c) authorizes a court to modify the terms of probation for "good cause." *State* v. *Obas*, 147 Conn. App. 465, 482, 83 A.3d 674 (2014), aff'd, 320 Conn. 426, 130 A.3d 252 (2016). "It is well settled that the denial of a motion to modify probation will be upheld so long as the trial court did not abuse its discretion. . . . On appeal, a defendant bears a heavy burden because every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . The mere fact that the denial of a motion to modify probation leaves a defendant facing a lengthy probationary period with strict conditions is not an abuse of discretion. Rather, [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *State* v. *Denya*, 149 Conn. App. 714, 718, 89 A.3d 455 (2014).

In part I of this opinion, we concluded that the defendant expressly waived his objection to participating in sex offender treatment and to admitting to his conduct that underlies his fifth amendment claim. Additionally we conclude that the defendant has failed to demonstrate that the trial court, in concluding that the "policy

and public safety concerns . . . do not warrant the suspension of [the sex offender treatment,]" abused its discretion in denying his motion to modify the conditions of his probation. This claim, therefore, must fail.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless. . . . A defendant often pleads guilty under the *Alford* doctrine to avoid the imposition of a possibly more serious punishment after trial." (Citation omitted; internal quotation marks omitted.) *Robles* v. *Commissioner of Correction*, 169 Conn. App. 751, 752 n.1, 153 A.3d 29 (2016), cert. denied, 325 Conn. 901, 157 A.3d 1146 (2017).

[2] During this proceeding, the prosecutor indicated that the defendant was on probation following his conviction of the crimes of breach of the peace and possession of narcotics. The conduct underlying the violation of probation and risk of injury to a child charges was a sexual contact complaint. Specifically, the minor victim "disclosed that the defendant had touched his butt and penis underneath his clothes and that it [had] happened more than once."

[3] General Statutes § 53a-30 (c) provides: "At any time during the period of probation or conditional discharge, after hearing and for good cause shown, the court may modify or enlarge the conditions, whether originally imposed by the court under this section or otherwise, and may extend the period, provided the original period with any extensions shall not exceed the periods authorized by section 53a-29. The court shall cause a copy of any such order to be delivered to the defendant and to the probation officer, if any."

[4] We note that "[t]he entry of a guilty plea under the *Alford* doctrine carries the same consequences as a standard plea of guilty." *State* v. *Faraday*, 268 Conn. 174, 205, 842 A.2d 567 (2004).

[5] Specifically, the defendant argued in his brief that the court "failed to appreciate that the defendant sought to preserve his right not [to] have statements he made during sex offender treatment used against [him] in a reprosecution of the charges he had been convicted of and which he was challenging via a habeas petition. The lower court mistakenly understood his claim to be that he had the right to assert his privilege against self-incrimination during the habeas trial."